IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH THOMAS,

        Movant/Defendant,

    v.

UNITED STATES OF AMERICA,

        Respondent/Plaintiff.

Crim. Act. No. 20-71-CFC
Civ. Act. No.  23-53-CFC

---

Joseph Thomas. *Pro se* Movant.

Alexander P. Ibrahim. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for Respondent.

---

### MEMORANDUM OPINION

December 21, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Movant Joseph Thomas filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 52) The United States filed an Answer, asserting that the Court should deny Claims Two and Three but grant relief on Claim One and issue an order for Movant to be resentenced without using an expunged state conviction when calculating his criminal history score. (D.I. 59) Movant filed a Reply, arguing that the Court should also grant relief on Claims Two and Three. (D.I. 61) For the reasons discussed, the Court will grant relief on Claim One and enter an Order for Movant to be resentenced after a proper recalculation of his criminal history score. The Court will deny the Motion in all other respects without holding an evidentiary hearing.

I. BACKGROUND

On February 10, 2021, Movant pled guilty to a two-count Information charging him with: (1) possession with intent to distribute 400 grams or more of a substance containing fentanyl, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A); and (2) possession of a firearm by a person prohibited, in violation of 18 U.S.C.§ 922(g)91) and § 924(a)(2). (D.I. 24) Count One carried a 10-year mandatory minimum sentence. *Id.*

The presentence report ("PSR") set Movant's advisory guidelines range from 188 to 235 months. (*See* D.I. 59 at 3) On February 22, 2022, the Court sentenced Movant to 188 months of imprisonment. (D.I. 48)

II. DISCUSSION

Claims One through Three assert the following ineffective assistance of counsel arguments: (1) defense counsel should have objected to the use of Movant's 2016 New Jersey conviction for possession of marijuana in the PSR's calculation of his criminal

history score because a New Jersey law enacted in 2021 decriminalized marijuana possession and automatically expunged his 2016 conviction; (2) defense counsel should have objected to the PSR's two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for possessing a dangerous weapon (relating to Count One) on the basis that the drugs and weapons were not located in the same place; and (3) defense counsel should have objected to the PSR's four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony (relating to Count Two) on the basis that the drugs and weapons were not located in the same place.

Movant has properly raised his ineffective assistance allegations in a § 2255 Motion. *See Massaro v. United States,* 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Both *Strickland* prongs must be satisfied in order for a movant to successfully show that defense counsel rendered constitutionally ineffective assistance, and the Court can choose which prong to address first. *See Strickland,* 466 U.S. at 668.

Under the first *Strickland* prong, a movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. In evaluating an attorney's conduct, a court must avoid "the distorting effects of hindsight" and must "evaluate the conduct from counsel's perspective at the time." *Id.* at 687. Under the second *Strickland* prong, a movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the

proceeding would have been different. See id. at 694; United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a movant satisfies Strickland's prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Yet, as to prejudice at sentencing, a movant must show a reasonable probability that he would have received a more lenient sentence if not for errors by counsel. See Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Sepling, 944 F.3d 138, 144-45 (3d Cir. 2019) (noting that, if sentencing counsel was constitutionally ineffective, a movant "can then satisfy the prejudice prong of Strickland if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentencing would have been different.") (cleaned up). The Strickland standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. See Strickland, 466 U.S. at 689.

### A. Claims Two and Three: Defense Counsel's Failure to Object to Sentencing Enhancements Relating to Firearms[1]

Movant was arrested after searches of his storage unit, business, home, and cousins' home uncovered his fentanyl pill operation. (D.I. 59 at 2) During the search of his storage unit, law enforcement found five firearms, a commercial pill press with drug residue, and assorted ammunition. During the search of his auto care business, law enforcement found over a kilogram of fentanyl, fentanyl and heroin powders, pills, a vacuum sealer, bags, and pill filler. In his cousin's basement, law enforcement

---

[1]The Court addresses Claims Two and Three first because they lack merit, and leaves Claim One for last because it has merit and warrants relief.

3

discovered a safe belonging to Movant containing a loaded extended magazine for one of the handguns at the storage unit and $86,303 in cash. (*Id.*)

### 1. Claim Two: Two-point enhancement under U.S.S.G. § 2D 1.1(b)(1)

In Claim Two, Movant argues that defense counsel provided ineffective assistance by failing to object to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon (relating to Count One) because the guns and drugs were not physically found in the same location and the guns were not connected to his drug dealing. (D.I. 52-1 at 2-6) Relatedly, Movant argues that he "never [a]ctually possessed the five firearms in his storage unit, as it relates to any drug dealing activity in his business miles away." (D.I. 61 at 2)

United States Sentencing Guideline § 2D1.1(b)(1) enhances a defendant's base offense level by two levels "[i]f a dangerous weapon (including a firearm) was possessed." Application Note 11(A) to § 2D1.1 explains the enhancement as follows:

> [t]he enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

U.S.S.G. § 2D1.1 comment. n. 11. Once the Government "first prove[s], by a preponderance of the evidence, only that the defendant possessed a dangerous weapon[,] [...t]he burden of production then shifts to the defendant to demonstrate that the connection between he weapon and the drug offense was clearly improbable." *United States v. Denmark*, 13 F.4th 315, 318 (3d Cir. 2021) (cleaned up). In other words, it is Movant's "burden to show the *lack* of a connection." *Id.* (emphasis in

4

original). When "making the 'clearly improbable' determination," courts in the Third Circuit must consider the following four factors, none of which are controlling: (1) "the type of gun involved, with clear improbability less likely with handguns than with hunting rifles"; (2) "whether the gun was loaded"; (3) "whether the gun was stored near the drugs or drug paraphernalia"; and (4) whether the gun was accessible. *United States v. Drozdowski*, 313 F.3d 819, 822-23 (3d Cir. 2002); *see Denmark*, 13 F.4th at 319-320 ("We have never considered the physical-proximity factor to be dispositive as a matter of law," and "the physical proximity between drugs (or paraphernalia) and guns is only one of four factors").

Applying these principles to Movant's case demonstrates that it was reasonable for defense counsel to conclude that an objection to the enhancement would not have prevailed. First, Movant's plea to Count Two establishes that he did, in fact, possess the firearms. (D.I. 24 at ¶¶ 1, 5) The Court also views Movant's failure to object to the PSR's description of the facts (*i.e.*, that Movant used an automatic pill press machine to produce the pills, that he kept at least one of his pill presses at his storage unit, and that "authorities seized five firearms from [Movant's] storage unit") as further demonstrating Movant's possession of the firearms. (D.I. 46 at ¶¶ 33, 43); *see, e.g., United States v. Williams*, 974 F.3d 320, 375-76 (3d Cir. 2020) (reiterating that "the government can show possession simply by establishing that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant."). Under these facts, the Government has satisfied its initial burden, which means that the burden to show the "clear improbability" of a connection between the weapons and the offense shifts to Movant.

5

In attempting to meet his burden, Movant relies on the fact that the firearms and drugs were not found in the same location and vaguely asserts that the firearms and drugs were not connected. This argument is unpersuasive. Physical proximity is just one of the "clear improbability" factors and, because proximity between firearms and drug paraphernalia is sufficient, the Court concludes that three – if not all four – factors of the "clearly improbable" test weigh strongly against Movant. For instance, the first two factors weigh against Movant because the storage unit contained ammunition, five firearms (including three handguns, an AR-15 style rifle, and a 9 mm rifle), three loaded magazines for the AR-15 style rifle, and a loaded extended magazine for one of the 9 mm handguns. (D.I. 59 at 7) The fact that one handgun was stolen and the 9mm rifle had an obliterated serial number suggests that the firearms were "connected with [Movant's] drug activities rather than sporting or other innocent use." *Denmark*, 13 F.4th at 320; *see also United States v. Marzarella*, 614 F.3d 85, 99 (3d Cir. 2010) (stating one "cannot conceive of a lawful purpose for which a person would prefer an unmarked firearm"). Although the actual drugs behind Movant's fake pill operation were located at his business and not in his storage unit, the third factor weighs against Movant because the firearms were found in the storage unit along with his pill press. The pill press – which was the machine used to make the pills for his drug operation and had drug residue on it – constitutes drug paraphernalia which, as set forth in the PSR, was packaged in a box with a mailing label addressed to Movant at his residence in Wilmington. (D.I. 46 at 6) And finally, when searching Movant's residence, law enforcement found keys for the storage unit and Movant's auto care business. (*Id.* at 7) Since Movant's auto care business and the storage unit were only several miles apart

6

from each other, and the keys provided Movant access to both locations, an argument can be made that the fourth factor weighs against him or, at a minimum, is neutral. *See, e.g., United States v. Edmonds*, 9 F. App'x 330, 332 (6th Cir. May 8, 2001) (upholding a firearms enhancement where "[a]lthough accessibility was limited by the lock on the safe, the revolver was not remote from paraphernalia and contraband seized from Edmonds's home").

Considering all four factors together, Movant has failed to show it was "clearly improbable" that the firearms were not connected to his drug business. *Cf. Denmark*, 13 F.4th at 319 (stating that if "a defendant kept guns in a storage unit and conducted drug deals at a house in different city, the defendant might be able to demonstrate that the connection was clearly improbable."). Because an objection based on a lack of connection between the firearms and drug activity would have been meritless, defense counsel's failure to object to the § 2D1.1(b)(1) enhancement did not constitute deficient performance under *Strickland*'s first prong. Defense counsel's failure to object also did not prejudice Movant within the meaning of *Strickland*'s second prong, because there was no reasonable probability that the meritless objection would have resulted in a different sentence.

Accordingly, the Court will deny Claim Two.

### 2. Claim Three

United States Sentencing Guideline § 2K2.1(b)(6)(B) enhances a defendant's base offense level by four levels if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used

7

or possessed in connection with another felony offense." Under U.S.S.G. § 2K2.1(b)(6)(B), the "primary inquiry is whether there is a relationship between the firearm and the defendant's drug trafficking offense." *United States v. Perez*, 5 F.4th 390, 401 (3d Cir. 2021). "[A] court may presume that a firearm is used or possessed in connection with a drug-trafficking offense if the firearm is found in close proximity to drugs or related items." *Id*. at 400. A court may also look to "any factors it deems relevant" including the four factors of § 2D1.1(b)(1)'s "clear improbability" test. *See id.* at 400-401. Movant can overcome the presumption that a firearm and drugs or drug-related items are connected if found in close proximity to each other by showing that "the firearm had no relationship to drug-related activities (*i.e.*, that the presence of the firearm was mere accident or coincidence) and thus did not have the potential to facilitate a drug-trafficking offense." *Id*. at 400.

In Claim Three, Movant contends that defense counsel provided ineffective assistance by failing to object to the assessment of a four-point enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Movant argues that defense counsel should have objected to the enhancement under § 2K2.1(b)(6)(B) because the drugs and firearms were not located in the same place.

For essentially the same reasons as just discussed with respect to Claim Two, the Court concludes that defense counsel's failure to object to the four-point enhancement under § 2K2.1(b)(6)(B) did not constitute ineffective assistance. The storage unit contained firearms that were in close proximity to Movant's pill press. The pill press—which had drug residue on it—constitutes a drug-related item. Since the record demonstrates that Movant accessed the pill press as part of his drug-dealing

8

business, it logically follows—and the Court presumes—that the firearms, located next to the pill press, were also accessible as part of Movant's drug-dealing business. Moreover, as explained with respect to Claim Two, the four factors of the "clear improbability" test weigh heavily against Movant and further demonstrate that there was a connection between the firearms and drugs. Movant's continued focus on the physical distance between the firearms found in the storage unit and the drugs found in his auto care business does not rebut the Court's presumption that the firearms and drugs were connected. Given these circumstances, the Court finds that defense counsel's failure to lodge a meritless objection against § 2K2.1(b)(6)(B)'s four-point enhancement did not constitute deficient performance under the first prong of the *Strickland* test.

Nor can Movant satisfy *Strickland*'s second "prejudice" prong. An alleged error that does not affect the sentencing guidelines range cannot be prejudicial because there is no reasonable probability that the defendant would have received a lower sentence. *See Strickland*, 466 U.S. at 694. In this case, Movant's applicable guidelines range was determined by the drug guidelines, not the firearms guidelines.[2] (D.I. 46 at ¶¶ 48, 56, 59) Therefore, objecting to the four-point enhancement would not have affected the ultimate guidelines calculation. Accordingly, the Court will deny Claim Three.

---

[2]Movant's adjusted offense level for Count One, with the two-point enhancement under § 2D1.1(b)(1), was 36. (D.I. 46 at ¶ 48) Movant's adjusted offense level for Count Two, with the four-point enhancement under § 2K2.1(b)(6)(B), was 32. (D.I. 46 at ¶ 56) Pursuant to U.S.S.G. §3D1.3(a), the Court used the higher offense level of 36 to determine Movant's adjusted offense level for both Counts. (D.I. 46 at ¶¶ 58, 59)

### B. Claim One

On October 3, 2016, Movant pled guilty in the Superior Court of New Jersey to possessing more than 50 grams of marijuana, in violation of N.J.S.A.§ 2C:35-10(a)(3). (D.I. 59-1 at 2)  Thereafter, in 2021,

> the [State of New Jersey] Legislature adopted the Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA) [...], a sweeping law that largely decriminalizes the simple possession of cannabis in New Jersey and redresses many lingering adverse consequences of certain previous marijuana offenses. Among other things, CREAMMA signifies that such prior marijuana offenses must be deemed not to have occurred and directs, by operation of law, their automatic expungement from an offender's criminal record.

State v. Gomes, 288 A.3d 825, 827 (N.J. 2023).  The Government has confirmed that Movant's 2016 New Jersey marijuana conviction was automatically expunged under CREAMMA prior to his February 22, 2022 sentencing in this Court.  (D.I. 59 at 12)

In Claim One, Movant contends that the PSR improperly included his 2016 New Jersey marijuana conviction (for which he served 364 days in prison) in his criminal history calculation because that conviction had been expunged before he was sentenced in the instant underlying criminal proceeding.  (D.I. 52-1 at 2-6)  Movant argues that the expunged conviction should have counted for zero criminal history points instead of two, which would have reduced his criminal history category from a IV to a III and also would have resulted in an advisory guidelines range of 168 to 210 months instead of the 188 to 235 months-range he received.  (D.I. 52-1 at 4; see also D.I. 59 at 12)  According to Movant, defense counsel provided ineffective assistance by failing to research New Jersey's decriminalization of marijuana possession in 2021

10

and/or object to the criminal history score, because his overall advisory guidelines sentence would have been lower but for counsel's failure. (D.I. 52-1 at 3-6) For the following reasons, the Court concludes that Claim One warrants relief.

The Government concedes, and the Court agrees, that Movant's 2016 New Jersey marijuana conviction was erroneously included in the calculation of Movant's criminal history points because that conviction was automatically expunged under CREAMMA. (D.I. 59 at 12); *see United States v. Boone*, 2022 WL 14558235, at *2 (D. N.J. Oct. 25, 2022) (explaining that Boone's 2017 New Jersey marijuana conviction should be excluded from his criminal history calculation because that conviction had been expunged pursuant to New Jersey's 2021 Marijuana Decriminalization Law); U.S.S.G. § 4A1.2(j). Since CREAMMA became effective in 2021 – well before Movant's 2022 sentencing in this case – defense counsel performed deficiently by failing to raise an available meritorious objection to the calculation of Movant's criminal history score. *See, e.g., United States v. Dominguez-Rivera*, 810 F. App'x 110, 113 (3d Cir. Apr. 22, 2020) (finding that defense counsel performed deficiently by not objecting to a sentencing calculation when the state law at the time of sentencing dictated that the defendant would have prevailed on the objection). Thus, Movant has satisfied the first prong of the *Strickland* standard.

Movant has also satisfied the second prong of *Strickland*. The Government concedes, and the Court agrees, that not including Movant's 2016 New Jersey conviction in the calculation of his criminal history would have lowered his criminal history points from eight to six. (*See* D.I. 46, ¶¶ 67, 70) Movant's resulting criminal history score would have been Level III rather than Level IV, thus reducing his

11

guidelines range from 188-235 months to 168-210 months. *See* U.S.S.G. Sentencing Table. Even though the 188-month sentence imposed by the Court is within the correct lowered range (168-210 months), Movant suffered prejudice as a result of defense counsel's deficient performance because the Court relied upon the erroneous guidelines range when it intentionally sentenced Movant to the lowest end (188 months) of that range. (D.I. 51 at 44-46); *see Molina-Martinez*, 578 U.S. 189, 198 (2016) ("When a defendant is sentenced under an incorrect Guidelines range – whether or not the defendant's ultimate sentence falls within that correct range – the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error."); *Dominguez-Rivera*, 810 F. App'x at 114 (finding "an erroneous calculation of the defendant's base offense level or criminal history will not be harmless, particularly when the sentence imposed suggests that the district court chose to adhere to the advisory Guidelines range."). In other words, there is a reasonable probability that the result of Movant's sentencing would have been different but for defense counsel's failure to object to the calculation of Movant's criminal history score.

In summary, there is no dispute that the advisory sentencing guidelines range in this case must be corrected because it based upon an incorrect criminal history score. Having determined that defense counsel's failure to notice (and object to) the mistake in the calculation of Movant's criminal history amounted to ineffective assistance, the Court will grant Movant's request for resentencing so that Movant can be resentenced with the benefit of a properly calculated sentencing guidelines range.

### C. Representation of Movant at Resentencing

Movant retained the attorney who represented him during his criminal proceeding. Movant's former counsel cannot represent Movant during his resentencing because, as just discussed, the Court has concluded that defense counsel provided ineffective assistance by failing to object to the two-point enhancement under § 2D1.1(b)(1).

The Court notes that Movant has not requested the appointment of new counsel,[3] nor has he indicated if he can still afford counsel or if he wishes to represent himself during resentencing. If Movant wishes to seek the appointment of counsel, he must file: (1) a motion requesting the Court to appoint counsel; and (2) a motion for leave to proceed in forma pauperis along with the required accompanying financial information and copy of his prisoner account summary demonstrating his indigence.

### III.  EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; see also

---

[3]A criminal defendant does not have a Sixth Amendment right to counsel during a resentencing proceeding. See U.S. Const. amend. VI; Pennsylvania v. Finley, 481 U.S. 551. 555 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further."); Douglas v. California, 372 U.S 353, 355 (1963) (a defendant's Sixth Amendment right to counsel includes the defendant's direct appeal from a criminal conviction.); Fed. R. Crim. P. 44(a) (a defendant is entitled to court-appointed counsel "at every stage of the proceeding from initial appearance through appeal."). There also is no statutory right to appointed counsel during resentencing following the granting of relief for a pro se § 2255 motion. See 18 U.S.C. § 3006A(c). Rather, "in all proceedings brought under [28 U.S.C. § 2255], and any subsequent proceedings on review, the court may appoint counsel", 28 U.S.C. § 2255(g), "for any for any financially eligible person who is seeking relief under section ... 2255" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

13

*United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. The record conclusively demonstrates that Movant is not entitled to relief under § 2255 for Claims Two and Three. Therefore, the Court concludes that an evidentiary hearing is not warranted with respect the Court's denial of Claims Two and Three.

## IV. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability with respect to its denial of Claims Two and Three. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that Claims Two and Three fail to warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability related to its denial of Claims Two and Three.

## V. CONCLUSION

For the reasons discussed above, the Court will grant Movant's Motion in part and deny it in part. The Court will grant the instant Motion to the extent Movant seeks a resentencing based upon a newly calculated criminal history score that does not include his expunged 2017 New Jersey marijuana conviction. The Court will vacate Movant's sentence and order resentencing, preceded by sentencing briefs and an updated PSR from the Probation Office.

The Court will deny the Motion to the extent Movant seeks a resentencing without the two-point enhancement related to Count One and the four-point enhancement related to Count Two.

The Court will issue an Order consistent with this Memorandum Opinion.